Jones, J.
One of the questions designed to be raised by the demurrer is, whether a carrier can, by *111 the insertion in the bill of lading of such clauses as are relied on in the defense demurred to, bind the shipper thereby,' without an express agreement made between the parties at or before the shipment, or an assent to the terms of the bill of lading, either express or implied by the shipper’s shipping his goods with full knowledge of the terms and conditions which the carrier has established as those on which he will undertake to carry; or, in other words, whether the mere delivery to, or retention by, the shipper, of a bill of lading, binds him by all the terms thereof, although at the time of its delivery his goods may be on their way to their destination, and he then first becomes aware of the contents of the bill.
The appeal papers, however, are not in proper form to present this question.
The defenses aver (the sixth defense by reference to the above cited paragraph in folio 5 of the answer which is prefaced by the word “Fourth”), that the oil in question was received by defendants, and was to be carried by them under and in accordance with the terms of a certain written and printed contract, a copy of which is annexed, which contains the terms and conditions of the agreement between the parties.
This is an allegation of fact that the parties made an agreement with each other as to the terms and conditions on which the oil should be carried, and that the terms and conditions so agreed on appear by and are contained in a paper writing, a copy of which is annexed to the answer.
The demurrer admits that said agreement was made. Consequently, the above point designed to be raised, does not arise; and, therefore, so far’ as this point is involved, the order below was right.
But as it may be that in point of fact no such agreement was made, unless the law adjudges the delivery *112 to and retention by the shippers of the bill of lading the making of a contract between the parties, as to all provisions inserted therein by the carrier, the plaintiff should have leave to withdraw his demurrer so as to require the defendant to show on the trial on what he bases his averment of an agreement, and to enable him (the plaintiff), in case the averment is based on. the bare -facts of a delivery and retention of the bill of lading, to raise the question of law designed to be presented on this demurrer.
The bill of lading containing the clauses in question, gave notice thereof to the assignee or transferee. He cannot be considered a bona%de holder without notice (conceding that it would make any difference if he was), and, consequently, stands in no better position than the shippers.
These views would dispose of the appeal, were it not for the question of costs.
To dispose of that question, it is necessary to inquire whether, for any other reason, the demurrer was well taken.
Plaintiff’s counsel claims, as to the sixth defense, that even if the shippers and carriers had expressly agreed with each other to the effect therein set forth, still the agreement would be void as against public policy:
1. Because it would be a clog on the negotiability of a bill of lading.
3. Because it would absolve the carrier from his duty of collecting from the consignee his freight and charges on delivery.
As to the first ground: It is not perceived that there is any reason why the parties, if they see fit, may not clog negotiability of the bill of lading under which the one ships and the other carries.
As to the second ground: Without stopping to inquire what may be the duty of the carrier in this respect, suffice it to say that, conceding it to be as claimed, it *113 is not perceived how the enforcement in this ease of the agreement in question, conflicts with this duty.
The previous - goods, the freight and charges on which are claimed to be a lien on the oil, belonged to said Thompson (to whom the present oil belonged), who consigned the same to his agent, one Saxton (to whom, also, he consigned the present oil). Those other goods were delivered to the said Thompson, himself, the delivery to his agent being delivery to himself. That Thompson obtained the delivery to himself of his own goods without prepaying the freight and charges, did not discharge him of his liability therefor, nor did such delivery conflict with any duty the defendant owed towards him.
There may be cases in which the clause in question would not be operative ; but the present is not one of them.
This ground of demurrer is not well taken.
With reference to the fourth defense, so much of the contract as requires the bill of lading to be presented, properly indorsed, before the arrival of the oil at its place of destination, in order to render an assignment or transfer thereof binding on the defendants, or to establish a right to the delivery of the oil, is unquestionably invalid in this State, as it contravenes the statutes made and provided for the institution and prosecution of actions. The carrier and shippers can, without doubt, agree as to the evidence upon which the carrier shall deliver. Bat they cannot go further and contract that such evidence must exist and be presented at any particular time. For the effect of this would be, that although the property in the goods was proved, to and belonged, to the assignee, yet he could only enforce a delivery by action in the name of the owner.
He could, were it not for the law of this State, so enforce a delivery, for if the carrier be not bound to *114 recognize the assignment, he is bound to recognize the shipper; and the assignee, having all the beneficial rights of the shipper, would be authorized to demand a delivery in his name, and, in case of refusal, to bring an action in his name.
Our law, however, requires the action to be brought in the name of the real party in interest, and any contract, the effect of which is to require the beneficial owner to proceed in the name of the person from whom he derived title, must be deemed invalid.
The contract in question, however (as the demurrer as above held, admits for the purposes of the argument), required the presentation to the defendant of bills of lading properly indorsed, as the evidence whereon delivery was to be made. The fourth defense sets out this contract and alleges that none of the bills of lading mentioned in the complaint were ever at any time presented.
This, if true, constitutes a good defense ; and throws on the plaintiff the burden of, in some manner, avoiding it.
The special term was correct in overruling the demurrer ; but leave should have been given to plaintiffs to withdraw the demurrer, and go to trial on the issues framed by the complaint and answer, upon payment of the costs of demurrer.
The judgment entered on the order overruling the demurrer should be vacated, and the order itself modified so as to give the plaintiff leave to withdraw his demurrer, and go to trial on the issues formed by the complaint and answer, upon payment of the costs of the demurrer and of this appeal.
The demurrer to be withdrawn and costs paid within ten days after taxation of the costs.
In case of non-payment of said costs within that time, the order and judgment are affirmed, with costs of appeal.